# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BENNIE GREEN,

      Plaintiff,

v.                                         Case No. 21-CV-234

SANDRA LA DU-IVES, *et al.*,

      Defendants.

## ORDER

On September 8, 2021, the defendants filed motions for summary judgment on the ground that the plaintiff Bennie Green had failed to exhaust his administrative remedies before filing this lawsuit. (ECF Nos. 28, 34.) That same day the court issued a notice and order informing Green that he had until October 8, 2021, to file a response to the defendants' summary judgment motions. (ECF No. 33.) The court cautioned Green that, if by that date he did not respond to the motions or file a letter explaining why he was unable to do so, the court would accept all facts asserted by the defendants as undisputed. That order was returned to the court as undeliverable because Green no longer lived at the address provided. (ECF No. 35.)

On October 14, 2021, Green called the clerk of court and updated his address. The court sent the September 8, 2021, notice and order to Green at his new address. On October 18, 2021, the court, acknowledging that Green did not receive the

September 8 order, issued another order giving Green until November 18, 2021, to file a response, again cautioning Green that failing to respond in a timely fashion will likely result in the court granting the defendants' motions. (ECF No. 36.) On November 18, 2021, Green filed a motion for an extension of time to respond to the defendants' motions (ECF No. 37), which the court granted, giving him until January 31, 2022, to file a response. (ECF No. 38). The court once again warned Green that failure to respond would likely result in the court granting the defendants' motions.

The January 31, 2022, deadline has passed, and Green has not filed a response. As such, the court will construe the motions as unopposed. The court has reviewed the defendants' motions, briefs in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on exhaustion grounds. Accordingly, the defendants' motions are granted, and the claims are dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020) ("A premature lawsuit must be dismissed without prejudice, and the prisoner must file a new suit after fully exhausting his administrative remedies.").

**IT IS THEREFORE ORDERED** that the defendants' motions for summary judgment (ECF No. 28. 34) are **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may

appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 9th day of February, 2022.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge